DANIEL HAYS, PLAINTIFF IN ERROR,

*v.*

HOLLON PARKER, DEFENDANT IN ERROR.

In an action of ejectment, where plaintiff pleads title by virtue of a certificate of purchase issued to him by a receiver of public money of the United States, defendant may properly plead, by way of inducement, a certain state of facts, by reason whereof the Commissioner of the General Land Office caused such certificate to be cancelled.

And the striking out of said matter, as well as the refusal of the Court to permit testimony tending to prove such facts, as explanatory of the Commissioner's action, was error.

In such an action, if in the course of the trial it is made to appear to the Court that at the time of the commencement of the action, the claims of the respective parties to the land in dispute were being waged in the Department of the Interior of the United States, and are not fully determined by the executive branch of the Government, it is not proper for the Court to aid either party by way of affirmative relief, but the action should be dismissed at the cost of the plaintiff, and the refusal of the Court is error.

ERROR, to First Judicial District, holding terms at Walla Walla.

This was an action of ejectment. The complaint alleges plaintiff's ownership in fee, his right of immediate possession, and defendant's wrongful possession for a number of years, and rents of the premises while so withheld.

The allegations of the complaint were controverted by the answer, and, as an affirmative defense, the answer set up that the land was embraced within the withdrawal of the Northern Pacific Railroad Grant, and at the time of the alleged cash purchase from the Government, as set forth in the complaint, the premises were not subject to such entry ; that the act of the local land office in attempting to make sale was void for want of authority ; that such entry had been subsequently set aside by

the General Land Office, and the certificate or receipt canceled; that the land was, at the times mentioned in the answer, subject to entry under the Preëmption and Timber Culture Acts; and that as a claimant under such acts defendant had entered, and ever since held parts of the premises. The parts of the answer relating to the purchase of plaintiff being without authority of law were, against defendant's protest, stricken out. The cause was tried by a jury, the Court permitting plaintiff to show title by the production of the receipt of a receiver of public moneys.

It appeared from the evidence that plaintiff and defendant were controverting their respective claims in the Land Department of the Government, and that the controversy was pending in the Interior Department.

Defendant offered a letter or decision of the General Land Office, declaring the cash entry of plaintiff void, and cancelling his said Receiver's receipt; which the Court refused to admit.

The Court refused to dismiss the suit, because the same questions were pending for decision in the executive department of the Government.

In the course of the trial the Court, against the objection of defendant, permitted plaintiff to produce in evidence the receipt of the Receiver of Public Moneys, for the purpose of sustaining the allegation of title. The action of the Court was based upon Sec. 3, Laws of 1879.

*John B. Allen*, for Plaintiff in error.

We claim this statute had at the time been repealed by the Code of 1881. (See Code 1881, chapters 46 and 47; also Secs. 757 and 760.)

The Statute of 1879 simply fixed a rule of evidence, and its repeal in no wise affected an accrued right. (Cooley's Constitutional Limitations, 288; *Conkey* v. *Hart*, 14 New York, 22; *Maison* v. *Haile*, 12 Wheaton, 377; *Van Rensselear* v. *Snyder*, 13 New York, 299.)

If conceded the Receiver's receipt was entitled to admission, it was but *prima facie* evidence; and if the presumption on which it rested was overthrown, nothing was left but to establish the

case in the ordinary way. (*Phillips* v. *Berick*, 16 Johnson's Reports, 137 ; 2 Bouvier Law Dictionary, 370.)

If the certificate was not issued pursuant to law, it was a nullity.

The land was within the limits of the grant to the Northern Pacific Railroad, and Parker's alleged *cash* purchase had been made, subsequent to withdrawal, when the land in dispute was not by law subject to cash entry, and the attempted sale was without authority of law. (*Stoddard* v. *Chambers*, 15 Curtis, 124; 2 How. 317 ; 13 Pet. 511 ; *Best* v. *Polk*, 18 Wallace, 117 ; *Whiteside et al.* v. *United States*, 3 Otto, 257.)

If the plaintiff proposed to establish a paper title, claiming, as he did, from the United States, his only method was by the production of a patent. (*Wilcox* v. *Jackson*, 13 Curtis' Supreme Court Reports, 266 ; 13 Pet. 516 ; 9 Wallace, 194 ; 6 Otto, 513; *Fenn* v. *Holme*, 21 Howard, 484.)

The Court erred in refusing to admit in evidence the certified copy of the letter or decision of the Honorable Commissioner of the General Land Office, marked Exhibit D. (1 Greenleaf on Evidence, Sec. 6, Rev. Stats. of U. S., Secs. 168, 460, 461, 882, and 891.)

In view of the state of facts, plaintiff in error insisted upon a dismissal of this action, because the same questions involved in the Court were being acted upon by the executive department of the Government, which was vested with original authority ; and for the Court to persist in retaining the cause was to bring one coördinate branch of the Government in conflict with another, whose office it was first to act in like matters, and which had already acquired jurisdiction of the particular case. (*Johnson* v. *Towsley*, 13 Wallace, 86 and 87.)

*A. E. Isham*, for Defendant in error.

A motion for a new trial is addressed to the sound discretion of the Court, and ought not to be disturbed, unless there is a plain abuse of discretion ; and the verdict of a jury will not be set aside where the evidence is conflicting. (*Williams* v. *Miller*, 1 Wash. Ter. 88 ; *Hall* v. *Bank*, 33 Cal. 522 ; *Scholes* v. *Universal Life Insurance Co.*, 42 Cal. 523 ; 3d Estee Pl. 560, 561.)

A certificate or patent from the United States cannot be at-

tacked collaterally, and can only be brought in issue by parties having prior rights, or by the Government. The prior possession may be protected by the Courts. (*Hager* v. *Lucas*, 29 Cal. 309; *More* v. *Wilkinson*, 13 Cal. 478; *Yount* v. *Howell*, 14 Cal. 465; *Miller* v. *Dale*, 44 Cal. 562;. *Fletcher* v. *Mower*, 56 Cal.)

No right of preëmption can be established by a settlement upon improved lands. Such an intrusion, although made under pretense of preëmption, is but a naked, unlawful trespass, and cannot initiate a right of preëmption; and occupation and improvement upon the public lands with a view to preëmpt does not create a vested right.

After the land is entered at the Land Office, and the money paid, it ceases to be public land, and the certificate of entry is *prima facie* evidence of title, and creates a vested right, and can only be set aside by the Government, on the grounds of fraud or mistake, or by a third party by showing prior vested rights. (*Atherton* v. *Fowler*, 6 Otto, 513; *Trenorth* v. *San Francisco*, 10 Otto, 251; 3d ed. Washburn on Real Property, 174 to 178; *Starks* v. *Starr*, 6 Wall. 402; *Frisbee* v. *Whitney*, 9 Wall. 187; *The Yosemite Valley Case*, 15 Wall. 77; *Waterman* v. *Smith*, 13 Cal. 419; *Boggs* v. *Merced Mining Co.*, 14 Cal. 361; *Weatherspoon* v. *Duncan*, 4 Wallace, 210; *Culberton* v. *Coleman*, 47 Wis. 193.)

Where a party in ejectment relies upon documentary evidence of title and prior possession, if he fails in the former, he may recover in the latter. (*Morton* v. *Folger*, 15 Cal. 275.)

The letter sought to be introduced from the Commissioner of the General Land Office is nothing but an opinion, and in effect amounts to nothing more than declaring that if the plaintiff did not do certain things within sixty days, the Commissioner might, if he saw fit, and if he could, take the land from the plaintiff. But an appeal was taken from this ruling, as shown by the evidence, to the Secretary of the Interior within the sixty days, and no final judgment has ever been rendered by the Land Office; and the District Court was not and could not be divested of its jurisdiction by virtue of any acts of the Land Department.

A judgment must be final to be evidence. (Cowen & Hill and Edward's Notes; Phillip on Evidence, 195.)

Opinion by Hoyt, Associate Justice.

This was an action of ejectment brought by the defendant in error, who alleged in his complaint that he was entitled to the land by virtue of a certificate of purchase issued by a Receiver of Public Moneys of the United States. The defendant in the Court below, as a part of his answer, set up the existence of certain facts tending to show that said certificate was illegally issued; and that on account of such illegality, the Commissioner of the General Land Office had cancelled said certificate. The Court, on motion of plaintiff, struck out all that was alleged in the answer as leading to the action of the said Commissioner in so cancelling said certificate; and this, we think, was error, as in our opinion such allegations were proper by way of inducement, and defendant should have been allowed to prove them as matter of explanation of the Commissioner's said action.

Besides, we think the letter of said Commissioner, offered in evidence by the defendant, should have been admitted, as tending to prove that the cancellation of said certificate and its exclusion was error, which entitles defendant to a new trial.

But we find from the evidence, that it appeared by the testimony of both parties that at the time this suit was commenced, the claims of the respective parties thereto to the land in question were being waged in the Department of the Interior of the United States; and this fact being conceded, as we think it is by the record in this case, it was not proper for the Court to interfere to aid either party (by way of affirmative relief), until the matter had been fully terminated by the executive branch of the Government; and upon this fact appearing to the Court, it should have dismissed the cause at the cost of the plaintiff; and its refusal or failure so to do was error, for which the judgment and verdict must be set aside.

Owing to the existence of the facts above stated, no new trial can be had, and a judgment will be entered here reversing the judgment of the lower Court with costs, and the cause remanded, with directions to the Court below to dismiss said action at the cost of the said plaintiff.